# EX PARTE JOSÉ C. RAMOS.

### DISBARMENT OF ATTORNEY.

A charge against an attorney for misconduct not in the presence or hearing of the court should be made under oath. The court has power to regulate his professional conduct; but he should not be disbarred save for clear cause.

April 25, 1904.

HOLT, Judge, delivered the following opinion:

This is a rule against José C. Ramos, an attorney of this court, to show cause why he shall not be disbarred as a practitioner for having advised his client, one José Nevarro, to make a false statement upon a trial before the United States commissioner.

Regularly a charge against an attorney, of unprofessional conduct, should not be considered unless made upon oath. This was, however, done in this case. That is, said Nevarro, upon his trial in this court, upon the charge of perjury, testified that said Ramos had advised him to make the false statement before the commissioner. Said Ramos has appeared in answer. to the

---

*Attorneys—disbarment of.* As to disbarment of attorneys, see editorial notes to Fairfield County Bar ex rel. Fessenden v. Taylor, 13 L. R. A. 767; Ex parte Bradley, 19 L. ed. U. S. 214; and as to necessity of bad or fraudulent motive to justify disbarment, see editorial note to Florida ex rel. Fowler v. Finley, 18 L. R. A. 401.

rule, and filed his response stating that such charge against him is absolutely false.

The matter is highly important to said Ramos, the reputation of the profession, and the proper conduct of justice. An attorney exercises a high and important office. To him are confided the most inmost secrets of his client. He is in a position to have almost absolute influence over him, and to readily induce him to swear falsely. This would corrupt the very source of justice, and destroy all certainty in judicial proceeding. In order that the character of the profession may be maintained and that its members may be in harmony with the court, some discretion and power must reside in the court in regulating their conduct. This power should, however, be exercised with great moderation and judgment; but it must be exercised and most properly by the court. Upon the other hand, the profession of the attorney is of great importance to him. Its exercise may, and probably does, involve his success in life and reputation. It ought not to be taken from him except upon clear cause. He, however, holds his office only during good behavior; and public interest requires that he should be deprived of it for professional misconduct when clearly shown.

The court considered all these matters when it issued the rule and upon the hearing of it. Testimony has been heard, and is convincing that the charge is utterly untrue. This has been substantially shown by testimony, even outside of that of said Ramos. The court is satisfied that he was not guilty of any unprofessional conduct in the matter, and the rule is, therefore, discharged.